No. 97–7521. GOSCH *v.* JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. C. A. 5th Cir. Certiorari denied.

Statement of JUSTICE SOUTER, with whom JUSTICE STEVENS, JUSTICE GINSBURG, and JUSTICE BREYER join, respecting the denial of the petition for writ of certiorari.

Although my vote is to deny certiorari, I add this further word on the earlier order staying petitioner's execution, for which I also voted, *ante,* p. 1071. One consideration bearing on a decision to order a stay is the prospect for relief if the case should be taken for review. *Barefoot* v. *Estelle,* 463 U. S. 880, 895 (1983). Although the stress placed on this factor assumes, of course, that this Court can adequately make such an assessment, the peculiar

circumstances of this case made it unusually difficult for me to come to any confident judgment about possible entitlement to relief in the short time of some 90 minutes between our receipt of the ruling of the Court of Appeals and the time then set for petitioner's execution. This was so in part because the grounds for relief raised by petitioner included claims under *Strickland* v. *Washington,* 466 U. S. 668 (1984), and *Giglio* v. *United States,* 405 U. S. 150 (1972), on each of which there were potential evidentiary issues dependent on a state-court record, subject to conditional deference by the District Court under 28 U. S. C. §2254(e). My own difficulty reflected disagreement within the Court of Appeals over the adequacy of less than a day's time (instead of the normal briefing and argument period) for that court to review the soundness of the District Court's reliance on the state-court evidence and findings. Given the importance of adequate review on a first (and, presumably, only) federal habeas petition, I voted to stay the execution to allow further time to examine claims coming to us in such unusual circumstances.